IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BOBBIE HOOD, individually
and on behalf of similarly
situated persons                                                        PLAINTIFF

VS.                                                          CIVIL LITIGATION NO.
                                                             2:07-CV-00164-MPM-SAA

CENTRAL UNITED LIFE
INSURANCE COMPANY

## ORDER

Defendant Central United Life Insurance Company has filed a motion [docket no. 47] to compel production of attorney solicitation letter and communications. Specifically, defendant requests the disclosure of any solicitation materials or correspondence plaintiff Hood received or reviewed from Hortman, Harlow, Martindale, Bassi, Robinson & McDaniel, PLLC before commencement of an attorney/client relationship between plaintiff and Hortman, Harlow, Martindale, Bassi, Robinson & McDaniel, PLLC. Hood claims that any of the communication that she received from the law firm is privileged under the attorney/client privilege irrespective of when she received the communication.

Under Mississippi law, which controls this question, *Hopper v. Frank,* 16 F.3d 92, 95 (5th Cir. 1994), the attorney/client relationship is contractual in nature and does not arise until there is privity. *See Hirsch Bros. & Co. v. R.E. Kennington Co.*, 124 So. 344, 347 (Miss. 1929). The attorney-client relationship comes into existence when:

> 1) a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and

2)(a) the lawyer manifests to the person consent to do so or (b) fails to manifest lack of consent to do so, knowing that the person reasonably relies on the lawyer to provide the services, or (c) a tribunal with power to do so appoints the lawyer to provide services.

*Singleton v. Stegall*, 580 So.2d 1242, 1244 (Miss. 1991).

The relationship is not formed by passivity; rather it comes about by the actions of both the client and the attorney. The client must request the services of the attorney, and the attorney must assent in order for the relationship to exist. In this instance, the plaintiff's receipt of a letter from a law firm did not, in and of itself, give rise to an attorney/client relationship because the plaintiff's act of opening an envelope and reviewing the contents was not a affirmative request for legal services. The relationship came into being at a later date when the plaintiff contacted the law firm, requested its legal services, and the law firm agreed to represent the plaintiff. At the time plaintiff received the solicitation letter, no attorney/client relationship existed; thus the communication is not protected by the attorney/client privilege. Accordingly, it is

ORDERED

That defendants motion to compel production of the attorney solicitation letter is **GRANTED.**

THIS, the 27th day of June, 2008.

__/s/ S. ALLAN ALEXANDER____
U.S. MAGISTRATE JUDGE