IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BOBBIE HOOD, Individually**
**and on behalf of similarly situated persons**                               **PLAINTIFF**

**V.**                                                                                                   **CASE NO. 2:07CV164**

**CENTRAL UNITED LIFE INSURANCE COMPANY**                    **DEFENDANT**

## ORDER

This cause comes before the court on the motion [53] of the defendant, Central United Life Insurance Company ("Central United"), seeking summary judgment.

## Facts

Plaintiff, Bobbie Hood, and her husband, George Hood, bought a Cancer Treatment Benefit Policy from Central United in 1986. The policy pays benefits directly to an insured when they are treated for cancer. In 2004, George was diagnosed with colon cancer. He died in November 2006.

On September 27, 2007, Bobbie filed this class action lawsuit alleging Central United breached the terms of the policy by denying benefits owed. This denial stems from what she considers incorrect calculations of the number of days a patient is entitled to benefits. The contract offers "per day" payments for treatment. It does not define "day." Central United paid "per day" benefits based on the hospital charges for room and board. Hood's argument is that room and board charges only show a patient was in the hospital at midnight. This does not reflect the number of hours before or after midnight a patient remained in the hospital. She claims the "per day" language in the contract contemplates partial days. The crux of this dispute

is whether a patient is entitled to benefits for the calendar day of their discharge.

## Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

## Statute of Limitations

Central United argues the three year statute of limitations bars Hood's claim. MISS. CODE ANN. § 15-1-49. This statute of limitations began to run when Hood received written notice of wrongfully denied claims. *Young v. Southern Farm Bureau Life Ins. Co.*, 592 So.2d 103, 107 (Miss. 1991).

Central United claims the statute began to run when they paid benefits using the same calculation formula in 1991, 1998, and 2001. In support of this claim, Central United relies on deposition testimony that the company always used the same formula and documentation of the previous hospital confinements. Hood admits Central United used what she considers an incorrect calculation in paying the 1998 claims. Assuming *arguendo* that Hood's calculation is

correct, this is a denial of benefits under the contract. That denial triggered the running of the statute of limitations. As such Hood's claim is filed outside the time limitations set forth in the Mississippi Code and is barred.

Central United's motion for summary judgment is GRANTED.

This the 29th day of December, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**